**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-1339**

---

GRANT ANDERSON, JR.,

       Plaintiff - Appellant,

    v.

DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS; STATE OF MARYLAND,

       Defendants - Appellees,

    and

PRINCE GEORGES COUNTY POLICE DEPARTMENT,

       Defendant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Timothy J. Sullivan, Magistrate Judge. (8:22-cv-02470-TJS)

---

Submitted: November 14, 2024           Decided: November 18, 2024

---

Before THACKER and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Grant Anderson, Appellant Pro Se. Joseph Michael Thomas, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for

Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Grant Anderson, Jr., appeals the magistrate judge's order granting Defendants' motion to dismiss and dismissing Anderson's complaint without prejudice for lack of subject matter jurisdiction on the basis that Defendants, the State of Maryland and a Maryland state agency, were entitled to Eleventh Amendment sovereign immunity.[*] On appeal, Anderson argues that the magistrate judge erred in dismissing his complaint on sovereign immunity grounds.

In reviewing a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), we review factual findings on jurisdiction for clear error and legal conclusions de novo. *K.I. v. Durham Pub. Schs. Bd. of Educ.*, 54 F.4th 779, 788 (4th Cir. 2022). The Eleventh Amendment generally bars suits against nonconsenting States and their agencies in federal court. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). However, there are three exceptions to Eleventh Amendment immunity. "First, Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 746 n.2 (4th Cir. 2018) (internal quotation marks omitted). "Second, the *Ex Parte Young* exception applies to a suit against a state official acting in violation of federal law." *Id.* And "[t]hird, a state may waive its Eleventh Amendment immunity." *Id.*

---

[*] The parties consented to the jurisdiction of the magistrate judge under 28 U.S.C. § 636(c).

On appeal, Anderson seeks to avail himself of each of these three exceptions. Relying on the first and third exceptions, Anderson first argues that the State of Maryland implicitly waived or abrogated its sovereign immunity by refusing to address the merits of his underlying claims in his state and federal court cases. But the State does not waive its Eleventh Amendment immunity merely by its inaction in a court proceeding; rather, a statutory "waiver of sovereign immunity must be unequivocally expressed in statutory text." *Peck v. United States Dep't of Lab.*, 996 F.3d 224, 229 (4th Cir. 2021) (internal quotation marks omitted). Nor has the State waived its sovereign immunity by voluntarily invoking the jurisdiction of a federal court or undertaking similar litigation conduct. *See In re S.C. Dep't of Parks, Recreation and Tourism*, 103 F.4th 287, 291 (4th Cir. 2024), *petition for cert. docketed*, No. 24-377 (U.S. Oct. 2, 2024). Finally, Congress has taken no action to abrogate the State of Maryland's immunity.

Next, Anderson contends that his claim falls within the *Ex Parte Young* exception to Eleventh Amendment immunity because his complaint sought injunctive relief. However, this exception does not apply in suits against States or state agencies but only in suits against state officials. *P.R. Aqueduct*, 506 U.S. at 146. Because Anderson did not name any Maryland state officials as defendants, the *Ex Parte Young* exception does not apply in his case.

We have reviewed the record and discern no reversible error. Accordingly, we affirm the magistrate judge's order finding that Defendants were entitled to sovereign immunity. *Anderson v. Dep't of Pub. Safety & Corr.*, No. 8:22-cv-02470-TJS (D. Md. Apr. 4, 2024). We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*